UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| IRON PARTNERS, LLC,<br><br>                     Plaintiff,<br><br>          v.<br><br>MARITIME ADMINISTRATION, UNITED STATE DEPARTMENT OF TRANSPORTATION; KAISER VENTURES, LLC; KSC RECOVERY, INC.; KAISER STEEL CORPORATION; and KAISER COMPANY, INC.<br><br>                     Defendants. | Case No. 3:08-CV-05217-RBL<br><br><br>ORDER GRANTING IN PART UNITED STATES' MOTION FOR PARTIAL SUMMARY JUDGMENT<br>[Dkt. #s 109 & 113] |

## I.    INTRODUCTION

THIS MATTER is before the Court upon Defendant United States' Motion for Partial Summary Judgment against Plaintiff Iron Partners. [Dkt. #109]. Defendant Kaiser has joined the Motion [Dkt. #113].  The moving parties seek an Order establishing as a matter of law that (1) Iron Partners is liable under CERCLA and under MTCA as a current owner of an environmentally contaminated "facility," (and that the "innocent purchaser" defense is not available to Iron Partners), and (2) that under CERCLA and MTCA, Iron Partners cannot recover remedial costs incurred by another party.  For the reasons set forth below, the Motion is GRANTED as to the first point and DENIED without prejudice as to the second.

ORDER - 1

The lawsuit concerns the investigation and environmental cleanup of three adjacent parcels of real property located in the Columbia Business Center in Vancouver, Washington: (1) Plaintiff's 2.75-acre parcel; (2) the 11.64-acre Marine Park and Boat Launch Facility owned by the City of Vancouver; and (3) a 3.13-acre parcel owned by L & L Land Company. In the 1940s, Defendant Kaiser Company owned the properties and buried a significant amount of waste accumulated from its shipbuilding operations.

The parties various claims and relationships have been the subject of prior Orders in this case. [*See, for example*, Dkt. #s 80 & 120].

### III. DISCUSSION

Summary judgment is appropriate when the record shows that there is no genuine issue of fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The moving party has the initial burden of showing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *U.S. v. Carter*, 906 F.2d 1375, 1376 (9th Cir. 1990). When a properly supported motion for summary judgment is made, the burden then shifts, and the opposing party must set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 250. Put another way, summary judgment should be granted when the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor. *Id*. at 252. When viewing the evidence at this stage, all justifiable inferences are drawn in favor of the nonmoving party. *Id*. at 255.

Iron Partners does not dispute that is liable as the "owner" of a "facility," and that it is not an innocent purchaser under CERCLA [see Iron Partners' Response, Dkt. #114, at 2]. Defendants' Motion for Partial Summary Judgment on this point is therefore GRANTED.

The second part of Defendants' Motion is contested. Defendants seek a ruling as a matter of law that Plaintiff Iron Partners, LLC, cannot recover remedial costs incurred by a third party. Specifically, Defendants seek a ruling that the costs already incurred by Iron Partners' tenant on the subject Property, Oregon Iron Works, cannot be recovered by Plaintiff Iron Partners in this action.

Iron Partners contends that OIW is a subsidiary corporation whose ownership overlaps its own, and that OIW incurred costs in remediating environmental damage for which neither it nor Iron Partners is equitably liable[1].  Iron Partners alleges, and provides some evidence supporting its claim, that OIW incurred the costs on its behalf.  It argues that it is "obligated to reimburse OIW for the response costs paid by OIW on its behalf," and that these costs were a loan reflected on Iron Partners' balance sheet.

Defendants argue that there is no evidence supporting the claim that such a loan actually was made.  It emphasizes that Mr. Wise (Iron Partners' CFO) does not allege that he has personal knowledge of any loan, there is no evidence of the loan itself, that the balance sheet is heavily redacted and appears to have been created after (and perhaps in response to) the date of Defendants' Motion for Summary Judgment. The loan is apparently non-interest bearing and has no maturity date.

Defendants also point out that, in response to discovery regarding the relationship between the entities, Iron Partners did not previously assert that OIW made any such loan to it. Instead, Iron Partners swore that the only agreement between the parties was a lease agreement. Defendants also argue that some of the costs were apparently incurred before Iron Partners, LLC even existed.

Defendants' argument is persuasive, and the evidence that Iron Partners incurred all of the response costs it seeks in this action is thin.  Nevertheless, there is some evidence and its credibility is an issue for the fact finder.

//

//

//

//

//

---

[1] This Court previously ruled that Plaintiff was not entitled to summary judgment on its claim that it was entitled to recover the full measure of the cost incurred. [*See* Dkt. #120] The relationship between Iron Partners and OIW, and which party actually incurred the cost, was not an issue in that Motion.

1    The Defendants' Motion for Summary Judgment [Dkt. #s 109 & 113] on Plaintiff's

2    ability to recover under CERCLA costs it alleges were incurred on its behalf is DENIED

3    WITHOUT PREJUDICE.

4          **IT IS SO ORDERED.**

5    Dated this 11th day of January, 2012.

6

7

8                                        RONALD B. LEIGHTON
                                         UNITED STATES DISTRICT JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28