HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

IRON PARTNERS, LLC,

Plaintiff,

v.

MARITIME ADMINISTRATION, UNITED STATE DEPARTMENT OF TRANSPORTATION; KAISER VENTURES, LLC; KSC RECOVERY, INC.; KAISER STEEL CORPORATION; and KAISER COMPANY, INC.

Defendants.

Case No. 3:08-CV-05217-RBL

ORDER GRANTING MOTIONS TO AMEND ANSWER AND SCHEDULING ORDER
[Dkt. #s 124 & 137]

THIS MATTER is before the Court on two Motions: Third party Plaintiffs Kaiser's Motion to Amend its Answer to include Counterclaim and Amend Third Party Complaint [Dkt. #124]; and Kaiser's Motion for Entry of a New Scheduling Order and extension of the Discovery Cutoff [Dkt. #137]. The Motions are not directly related, but the solution to each problem is the same..

Kaiser first seeks to Amend its Answer and Counterclaim to reflect a recent settlement with the City of Vancouver, by adding a counterclaim against Plaintiff Iron Partners for costs incurred in reimbursing the City for investigative and remedial costs associated with the site at

issue in this case, and amending its Third Party Complaint against Evraz Oregon Steel Mills to include a contribution claim regarding those costs.

Kaiser also asks the Court to revise the current scheduling Order, and extend the current discovery cutoff, based on evidence (and new expert opinion) recently disclosed by Iron Partners. The resolution of the latter motion in Kaiser's favor would alleviate the prejudice claimed by Iron Partners in opposition to the former.

Iron Partners opposes both Motions. It argues that Kaiser's attempt to seek contribution for costs incurred in settling with the City is late (and could have been raised much earlier), and that it would prejudice Iron Partners at this late date. It also claims that the proposed claim for settlement costs would be futile. Kaiser responds that Iron Partners and Evraz knew that it was negotiating with the city and that it intended to assert a claim once those negotiations were successful. It points out that discovery and the evidence in trial are not likely to be dramatically altered. It also argues persuasively that its contribution claim under MTCA is permitted "after" remedial costs are incurred. RCW 70.105D.080. Those costs were apparently incurred only weeks prior to the proposed amendment.

Under Fed. R. Civ. P. 15, leave to amend shall be freely granted when justice so requires. *See Price v. Kramer*, 200 F.3d 1237, 1250 (9th Cir. 2000), cert. denied, 531 U.S. 816 (2000). The purpose of the rule is to encourage decisions on the merits rather than on the precision (or imprecision, as the case may be) of the pleadings. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

In determining whether to grant leave to amend, district courts look to factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc." *Foman v. Davis* 371 U.S. 178, 182 (1962). Not all of these factors apply with equal force; "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Iron Partners has not persuaded the Court that any of these factors is present, or that any substantive deficiencies in Kaiser's new claims should not be addressed on the merits. Its most persuasive argument, that it will be prejudiced if the new claims are introduced into the case this close to trial, can be remedied by an adjustment to that trial date – a result Kaiser seeks on a separate basis in any event.

The Motion to Amend [Dkt. #124] is therefore GRANTED and Plaintiff shall file its Amended Answer within five days of the date of this Order.

Iron Partners also opposes Kaiser's request for additional discovery and a new scheduling order based on newly disclosed evidence and expert opinion regarding contamination at the City's Marine Park. Kaiser claims that the evidence and opinion are new. Iron Partners claims that it told the parties it was investigating the beach area previously and its failure to obtain its own evidence in this regard is due to a lack of diligence which does not justify a new scheduling order. It is not ascertainable form the record whether Kaiser could or should have conducted a similar investigation, or why it did not. But it is clear that Iron Partners' expert performed this work at the very end of 2011, and that he (Brady) now seeks to opine about the results and implications of it.

Resolution of the case on the merits, fully and fairly, requires an amendment to the trial schedule. The Motion to Amend Answer and for a New scheduling Order are GRANTED, and the trial date is STRICKEN.

The Clerk will issue a new scheduling order with a new discovery cutoff so that the parties may conduct discovery into Kaiser's amended answer and counterclaim, and into Iron Partner's newly disclosed expert opinions.

**IT IS SO ORDERED.**

Dated this 21st day of March, 2012.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE