HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| IRON PARTNERS, LLC, an Oregon limited liability company,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>MARITIME ADMINISTRATION; DEPARTMENT OF TRANSPORTATION; KAISER VENTURES, LLC; KSC RECOVERY, INC; KAISER STEEL CORPORATION; and KAISER COMPANY, INC.,<br><br>　　　　　　　Defendants. | CASE NO. 3:08-CV-05217-RBL<br><br>ORDER ON EVRAZ'S MOTION FOR SUMMARY JUDGMENT ON KAISER'S THIRD-PARTY CLAIMS [Dkt. #150] |
| KAISER VENTURES, LLC; KSC RECOVERY, INC.; KAISER STEEL CORPORATION; and KAISER COMPANY, INC.,<br><br>　　　　　　　Third-Party Plaintiffs,<br><br>　　v.<br><br>EVRAZ OREGON STEEL MILLS, INC.,<br><br>　　　　　　　Third-Party Defendant. | |

1        THIS MATTER is before the Court on Evraz's Motion for Summary Judgment on
2   Kaiser's Third-Party Claims [Dkt. #150].  This is Evraz's second summary judgment motion on
3   this issue.  Evraz again argues that there are no genuine issues of material fact and that Kaiser's
4   third-party claims rely on impermissible speculation.  Because it is essentially identical to the
5   prior motion, Evraz's Motion for Summary Judgment is DENIED.

6                              **I.   BACKGROUND**

7        The lawsuit concerns the investigation and environmental cleanup of three adjacent
8   parcels of real property located in Vancouver, Washington.  In the 1940s, Kaiser owned the
9   properties and buried a significant amount of hazardous substances accumulated from its
10  shipbuilding operations.  Gilmore Steel (Evraz's predecessor-in-interest) owned a portion of the
11  property between 1960 and 1972.  The current property owner, Plaintiff Iron Partners, sued
12  Kaiser when it discovered the hazardous material.
13       Kaiser filed a third-party claim against Evraz, seeking contribution for the cleanup costs.
14  In order to prevail, Kaiser must establish that hazardous substances were released or disposed at
15  the property during the time Gilmore owned or operated it.  Although the United States is not a
16  party to the third-party claim, it filed a response in opposition to summary judgment as an
17  interested party.

18                              **II.   DISCUSSION**

19       Evraz argues that Kaiser's claims are not supported by admissible evidence or
20  permissible inferences because the debris site was capped in 1945.  It argues that Kaiser cannot
21  produce any evidence establishing that Gilmore buried anything in the landfill.
22       Kaiser argues there is evidence Gilmore contributed to the buried debris because Gilmore
23  removed at least 19 WWII-era buildings, aerial photographs indicate a pattern of disposal
24

between 1960 and 1971, and the RI/FS found hazardous substances in the debris site where debris was disposed during that time period.

Evraz suggests that Kaiser's claims fail because there is only "circumstantial evidence" that Gilmore buried any material in the landfill. The evidence in this case is necessarily circumstantial, as the alleged disposal occurred 50 years ago. More importantly, there is no requirement for "direct" or "empirical" evidence in order to defeat summary judgment. The Court already rejected this argument, and does so again for the same reason:

> Even with Mr. Grip's testimony, the evidence that Evraz qualifies as a PRP under CERCLA is fairly thin. However, Kaiser does present an issue of material fact as to whether Gilmore disposed of hazardous substances during its occupancy of the Vancouver Shipyard. Although Evraz argues that the facts do not give any evidence that *hazardous* materials were disposed during Gilmore's occupancy, Kaiser does present circumstantial evidence that Gilmore deposited the type of material found in the debris site. The discovered debris contained the hazardous materials found on the Iron Partners Property, regardless of whether the debris was buried solely in the 1940s, solely in the 1960s, or during both time periods. Viewed in the light favorable to Kaiser, the evidence establishes an issue of fact whether Gilmore disposed of any debris in the debris site and, therefore, potentially contributed to the disposal of hazardous materials.

Order Denying Summary Judgment, Dkt. #80 at 7.

Evraz fails to address how the issue of fact has changed since the Court's previous ruling. Evraz's arguments are ripe topics for cross-examination, and its new evidence challenges the weight of the opposing experts' testimony, but the issue of fact remains. Therefore, summary judgment is not appropriate. Evraz's Motion for Summary Judgment is DENIED [Dkt. #150].

IT IS SO OREDRED.

Dated this 18th day of September, 2012.

Ronald B. Leighton
United States District Judge

ORDER ON EVRAZ'S MOTION FOR SUMMARY
JUDGMENT ON KAISER'S THIRD-PARTY
CLAIMS [DKT. #150] - 3